IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| In the Matter of: | Case No. 10-06509 (MCF) |
|---|---|
| WILBERTO TORRES TIRADO<br>Debtor | Chapter 13 |

**OBJECTION TO CONFIRMATION OF AMENDED PLAN
DATED AUGUST 21, 2010 (DOCKET NO. 11)**

TO THE HONORABLE COURT:

COMES NOW creditor POPULAR AUTO, represented by the undersigned attorney, and hereby objects to the proposed Chapter 13 plan on the following grounds:

1. On July 20, 2010, the above named debtor filed a Bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

2. Popular Auto is a secured creditor of the above named debtor pursuant to 11 U.S.C. §101(10) and therefore a party in interest in the instant proceeding.

3. On November 10, 2009, debtor subscribed with appearing creditor a Conditional Sales Contract, account no. XXXXX0001, regarding a 2010 Chevrolet Equinox. The contract was payable in seventy-two (72) consecutive monthly installments of $573.30 each. The contract will expire by its own terms on November 10, 2015.

4. Popular Auto filed the corresponding claim for its secured debt in the amount of $28,702.05 on August 16, 2010 (proof of claim # 5).

5. Debtors' Chapter 13 plan dated August 21, 2010 (docket # 11), calls for twenty-four (24) payments of $610.00 and thirty-six (36) payments of $655.00 each, for a total base of $38,220.00. The plan provides for the Trustee to pay attorney's fees

      in the amount of $2,694.00 through the plan and to pay in full Popular Auto's secured claim.

6. The collateral that guarantees the debt is a 2010 Chevrolet Equinox, that continues to depreciate on a daily basis and for which appearing creditor have not received a single payment in the last two months. Although, the plan provides for the payment in full of Popular Auto's, **it fails to provide for adequate protection payments and equal monthly amounts. Debtor also failed to submit evidence of insurance to Popular Auto after maturity date**.

7. Section 1325(a)(5) of the Bankruptcy Code,[1] 11 U.S.C. §1325(a)(5), clearly states that the plan <u>must provide for each secured claim and that the holder of such claim has accepted the plan</u>. Furthermore, subsections (B)(ii) and (iii) states as follows:

> "(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
> (iii) if---
>     (I) <u>property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts;</u> and
>
>     (II) the holder of the claim is secured by personal property, the amount of such payment shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan." (Emphasis added).

8. In addition, §1326(a)(1)(C) of the Bankruptcy Code, regarding adequate protection payments state as follows:

---

[1] As amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Public Law 109-8). Also, commonly known as BAPCPA.

"Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount-

(A) proposed by the plan to the trustee;

(B) scheduled in a lease of personal property directly to the lessor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment; and

(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with the evidence of such payment, including the amount and date of payment." (emphasis added).

9. Section 361(1), 11 U.S.C. §361(1), regarding when adequate protection payments should be paid, states as follows:

"When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property." (emphasis added).

10. Refer also to the Bankruptcy Court's General Order No. 05-08 issued on October 13th 2005, concerning the implementation of adequate protection payments under

BAPCPA. As we mentioned before, debtor's amended plan does not provide for adequate protection and equal monthly payments to appearing creditor.

11. Popular Auto objects to the amended Chapter 13 plan dated August 21, 2010, since it does not comply with the requirements of §§§1325(a)(5), 1326(a)(1) and 361(1) of the Bankruptcy Code.

WHEREFORE, creditor Popular Auto, respectfully requests this Honorable Court to deny approval of the proposed amended plan for the reasons stated in the foregoing motion.

NOTICE IS HEREBY GIVEN THAT IF NO WRITTEN REPLY OR OPPOSITION IS FILED AND SERVED WITHIN TWENTY-ONE (21) DAYS FROM THE DAY OF SERVICE HEREOF, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT HEREIN PURSUANT TO BANKRUTPCY LOCAL RULE 9013(a)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY: That on October 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: JOSE M. PRIETO CARBALLO, ESQ., Attorney for debtor; ALEJANDRO OLIVERAS RIVERA, ESQ., Chapter 13 Trustee.

Respectfully submitted in San Juan, Puerto Rico, this 19th day of October, 2010.

s/VERONICA DURAN CASTILLO
VERONICA DURAN CASTILLO, ESQ.
USDC- PR 224413
Attorney for Popular Auto
Consumer Bankruptcy Department
PO Box 366818
San Juan, Puerto Rico 00936-6818
Tel. (787) 753-7849; Fax. (787) 751-7827
Email: vduran@bppr.com